<u>NOT FOR PUBLICATION</u>                                    (Docket Entry No. 27)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
CHARLES WEISBERG,                   :
                                    :
            Plaintiff,              :   Civil No. 01-758 (RBK)
                                    :
      v.                            :   **OPINION**
                                    :
RIVERSIDE TOWNSHIP BOARD OF         :
EDUCATION, et al.,                  :
                                    :
            Defendants.             :
_____:


**KUGLER**, United States District Judge:

       This matter comes before the Court upon motion by defendants Riverside Township Board of Education, J. Alan Ferner, and Jodi Lennon for attorney's fees, costs, and sanctions against plaintiff Charles Weisberg.  For the reasons expressed in this opinion, Defendants' motion will be denied.


I.      <u>**ATTORNEY'S FEES AND COSTS**</u>

    A.    <u>**ADA CLAIM**</u>

       In an action brought under the Americans with Disabilities Act ("ADA"), the court may, in its discretion, award "a reasonable attorney's fee, including litigation expenses, and costs" to the "prevailing party."  42 U.S.C. § 12205.  The Third

Circuit has not yet addressed the standard that applies when this fee-shifting provision is invoked by a prevailing defendant. However, other courts to consider the issue have applied the standard of Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978), in which the Supreme Court held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  See Veneziano v. Long Island Pipe Fabrication & Supply Corp., 238 F. Supp. 2d 683, 688 (D.N.J. 2002) (citing Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001); Bercovitch v. Baldwin Sch., Inc., 191 F.3d 8, 11 (1st Cir. 1999); Bruce v. City of Gainesville, 177 F.3d 949, 951-52 (11th Cir. 1999)).  This Court will do likewise, and apply the Christiansburg standard to determine whether Defendants, who prevailed on Weisberg's ADA claim, are entitled to attorney's fees under section 12205.

  In determining whether a plaintiff's action was "frivolous, unreasonable, or without foundation," the Third Circuit examines several factors, including "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits."  EEOC v. L.B. Foster Co., 123 F.3d 746, 751 (3d Cir.

1997). "Other factors that courts have considered in determining if an action was frivolous include whether the question in issue was one of first impression requiring judicial resolution [and whether] the controversy is based sufficiently upon a real threat of injury to the plaintiff." Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 158 (3d Cir. 2001). "These factors are, however, guideposts, not hard and fast rules." L.B. Foster, 123 F.3d at 751. "Attorney's fees will rarely be awarded where the district court grants the defendants' motion for summary judgment because of the absence of legally sufficient evidence." Veneziano, 238 F. Supp. 2d at 689 (quoting Batteast Constr. Co. v. Henry County Bd. of Comm'rs, 202 F. Supp. 2d 864, 867 (S.D. Ind. 2002)).

On November 10, 2004, this Court granted summary judgment for Defendants on Weisberg's ADA claim on the ground that Weisberg had produced insufficient evidence that he was "disabled" under the meaning of the ADA. (Op. 28-29, Nov. 10, 2004.) Defendants argue that Weisberg's ADA claim was frivolous because (1) Weisberg's evidence did not establish a prima facie case of discrimination under the ADA; (2) Defendants did not offer to settle; (3) the claim was resolved on summary judgment prior to trial; (4) the claim was not one of first impression; and (5) there was no real threat of injury to Weisberg, as he "was never able to articulate any basis for damages other than

some undefined discrepancies related to the computation of his sick days." (Defs.' Br. 9-10.) In response, Weisberg points out that "[t]here is a significant difference between making a weak argument with little chance of success and making a frivolous argument with no chance of success. It is only the latter that permits defendants to recover attorney's fees." (Pl.'s Opp. 7 (quoting Veneziano, 238 F. Supp. 2d at 689).)

Defendants are correct that many of the L.B. Foster and Barnes Foundation factors work in their favor. However, Weisberg did submit some evidence to support his assertion that he was disabled.[1] Thus, even though the ADA claim was not supported by sufficient evidence to withstand summary judgment, and even though Weisberg's false denial that he had attended the October 22, 2001 Giants-Eagles game at the Meadowlands cast serious doubt on his credibility, this Court cannot say that Weisberg's ADA claim was so lacking in evidence as to be frivolous under the meaning of Christiansburg. Therefore, Defendants' motion for attorney's fees under section 12205 will be denied.

### B.  REMAINING CLAIMS

Defendants argue that they are entitled to attorney's fees as to the remaining claims asserted by Weisberg because

---

[1] Weisberg produced evidence that he was impaired by "post-concussion syndrome," and that this impairment affected his memory, concentration, vision, mood, and energy. (Op. 28, Nov. 10, 2004.)

4

those claims were "equally frivolous."  (Defs.' Br. 11.) Defendants cite Deutsch v. United States, 67 F.3d 1080, 1085-86 (3d Cir. 1995) as support for their assertion that the remaining claims were frivolous because those claims were "not worthy of serious attention."  However, Defendants cite no authority that would entitle them to attorney's fees under those circumstances. (Cf. Defs.' Br. 8 (invoking section 12205 as authority for fee-shifting as to ADA claim).)  Because Defendants have provided no argument as to why the alleged frivolity of the remaining claims entitles them to attorney's fees, their motion for attorney's fees as to those claims will be denied.

**II.       SANCTIONS**

A court has the inherent power to assess attorney's fees against a party when the party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991).  Here, Defendants argue that Weisberg should be sanctioned—and ordered to pay Defendants' counsel fees and court costs—based on the following alleged instances of "bad faith":

> 1.  "Mr. Weisberg testified falsely at depositions . . . that fatigue occasioned by his 'post concussion syndrome' rendered him completely unable to attend a Monday night football game at Giants Stadium.  In actuality, Mr. Weisberg had attended that game and was depicted on surveillance video driving

        to, entering and leaving the Stadium."
(Defs.' Br. 12.)

2. Weisberg "attempted to make a contested issue out of an allegation that Superintendent Ferner had engaged in extramarital affairs prior to his appointment to his position at the Riverside Township School Distict," and "use[d] this litigation in an attempt to publicly embarrass and humiliate Dr. Ferner." (Defs.' Br. 14, 16.)

3. "[D]uring a break in one of the depositions taken in this matter, Mr. Madden returned to the conference room where the deposition was being held to find plaintiff's spouse rifling through Mr. Madden's notes and other work product. Mrs. Weisberg, a former plaintiff to this action, was engaging in this conduct in the presence and full view of her husband." (Defs.' Br. 16.)

In response to Defendants' first example of "bad faith," Weisberg presents evidence that the false statement at deposition was not intentional, but was "in fact an incident of false memory." (Pl.'s Opp. 18 (citing Exs. O, Q, R).) This evidence, while somewhat dubious, casts enough doubt on Weisberg's bad faith that this Court will not impose sanctions arising out of the false deposition statement.

In response to Defendants' second example, Weisberg argues that (1) Ferner did have an affair, as documented in the public-record divorce complaint filed by his ex-wife; (2) Weisberg knew about the affair; and (3) that knowledge provided Ferner with "motive" for "harassing and tormenting" Weisberg.

6

(Pl.'s Opp. 20-21.)  Weisberg's argument utterly fails to explain how this alleged motive is relevant to any of his claims.  However, this Court notes that Weisberg, as a non-attorney, cannot be held to the standards of an attorney.  Complaints as to the relevance of allegations in Weisberg's court papers, and the questions posed at deposition by Weisberg's attorney, are more properly directed toward Weisberg's counsel.  This Court will not sanction Weisberg for his lack of knowledge as to what is and is not legally relevant.

In response to Defendants' third example, Weisberg presents evidence that his wife did not "rifl[e] through" Mr. Madden's papers, but rather simply "moved [the] papers, which were spread out on the table[,] so she could eat her lunch." (Pl.'s Opp. 21 (citing Ex. R).)  Even if Mrs. Weisberg did rifle through the papers, though, Defendants present no argument as to why the actions of Mrs. Weisberg should subject her husband to sanctions.  Cf. Mack v. Mackiewicz, 9 N.J. Misc. 1219, 1220 (1931) ("The common-law rule that a husband is responsible for the torts of his wife no longer prevails in this state.").  Absent any such argument, this Court will not sanction Weisberg for the actions of his wife.

Because the alleged instances of "bad faith" on Weisberg's part are insufficient to subject him to sanctions under Chambers, Defendants' motion for sanctions will be denied.

**III.     CONCLUSION**

For the reasons expressed in this opinion, Defendants' motions for attorney's fees, costs, and sanctions will be denied. The accompanying Order shall issue today.


Dated:   August 18, 2005            /s/ Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge